**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PNC BANK, N.A.,**

      **Plaintiff,**

**v.**                                                                          Case No:   6:15-cv-161-Orl-31KRS

**ASSOCIATED CREDIT AND**
**COLLECTION BUREAU, INC. and**
**THOMAS DREHER,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration after a hearing on the following motion filed herein:

> **MOTION:** **MOTION TO ASSIGN BID RIGHTS AND CONFIRM SALE (Doc. No. 28)**
>
> **FILED:** April 5, 2016

**I.    BACKGROUND.**

On November 17, 2015, the Court entered a final default judgment against Defendants, determining that Plaintiff was entitled to $828,022.96, plus post-judgment interest. Doc. No. 25 ¶ 1. The judgment also provided that Plaintiff was entitled to foreclose on Defendants' interest in mortgaged property located in Brevard County, Florida. *Id.* ¶ 4. The judgment further provided that, pursuant to 28 U.S.C. §§ 2001 and 2002, the U.S. Marshal for the Middle District of Florida would offer the mortgaged property for public sale; promptly notify John A. Anthony, Allison C. Doucette, Thomas Dreher, and Associated Credit and Collection Bureau, Inc. of the date and time of the sale; and advertise the date and time of the sale by publishing a Notice of Marshal's Sale once

a week for the four weeks preceding the date of sale.  *Id.* ¶¶ 6, 8–9.  The sale of the property was subject to confirmation by the Court.  *Id.* ¶ 10(f).

On April 4, 2016, Plaintiff filed a Motion to Assign Bid Rights and Confirm Sale.  Doc. No. 28.  Plaintiff requested that the Court assign Plaintiff's bid rights to its assignee, Land Holding, LLC, and confirm the foreclosure sale that occurred on February 25, 2016.  *Id.*  After review of the motion, I issued a supplemental briefing order, requiring Plaintiff to provide a copy of the assignment and show that the foreclosure sale was conducted in accordance with the mandates of the Court's final default judgment, including the notice provisions contained therein.  Doc. No. 29.  On May 16, 2016, Plaintiff filed a supplemental memorandum and attached an assignment dated May 13, 2016.  Doc. No. 30.  I then scheduled an evidentiary hearing, which was conducted on June 10, 2016.  Doc. Nos. 32, 36.

Defendants have not filed a response to the instant motion, and the time for them to do so has passed.  The matter has been referred to me by the presiding District Judge for issuance of this Report and Recommendation, and the matter is now ripe for review.

## II. DISCUSSION.

Plaintiff requests that the Court confirm both the assignment of Plaintiff's credit bid rights to Land Holding, LLC and the foreclosure sale itself.  The following sections will address these requests, in turn.

### A. *Whether Plaintiff's Assignment of Credit Bid Rights Is Valid.*

At the hearing, Plaintiff's counsel stated that Land Holding, LLC is a wholly-owned, special-purpose subsidiary of Plaintiff.  Plaintiff provides its counsel bidding instructions, which include a notation that the credit bid rights are assigned to Land Holding, LLC.  In the instant case, counsel

received the credit bid instructions on February 24, 2016 — the day before the sale. At that time, the assignment was not effected through a written instrument.

However, on May 14, 2016, Plaintiff and Land Holding, LLC executed a written assignment, by which Land Holding, LLC received Plaintiff's credit bid rights. Doc. No. 30-1. The assignment provides that it is retroactively effective, as of February 24, 2016. *Id.* at 3. Because the written assignment is a mere memorialization of the earlier assignment, I recommend that the Court confirm the assignment to Land Holding, LLC as valid.[1] *Cf. Imperial Residential Design, Inc. v. Palms Dev. Grp. Inc.*, 70 F.3d 96, 99 (11th Cir. 1995) (observing, in the copyright context, that a "later execution of a writing which confirms an earlier oral agreement validates the transfer *ab initio*"); *X-It Prods., L.L.C. v. Walter Kidde Portable Equip., Inc.*, 155 F. Supp. 2d 577, 603–04 (E.D. Va. 2001) (observing that an oral assignment is effective when subsequently memorialized in a written document, and citing cases in support).

    *B.    Whether the Foreclosure Sale Should Be Confirmed.*

Courts have broad discretion in determining whether to confirm a judicial sale. *Madura v. BAC Home Loans Servicing, LP*, No. 8:11-cv-2511-T-33TBM, 2016 U.S. Dist. LEXIS 46540, at *5 (M.D. Fla. Apr. 6, 2016). "Generally courts have adopted the policy that confirmation will not be refused except for substantial reasons, and that in the absence of fraud or misconduct, the highest bidder will ordinarily be accepted as the purchaser of the property offered for sale." *JP Morgan Chase Bank, N.A. v. Surek*, No. 11-00263, 2013 U.S. Dist. LEXIS 205, at *3 (S.D. Ala. Jan. 2, 2013).

Pursuant to 28 U.S.C. § 2001(a),

> [a]ny realty or interest therein sold under any order or decree of any court of the United States shall be sold as a whole or in separate parcels at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon

---

[1] Because the Bank submitted a credit bid through its assignee as provided for under Paragraph 10(e) of the final default judgment, subsections (c) and (d) of that paragraph are inapplicable.

>  the premises of some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs.

28 U.S.C. § 2002 also provide that a public sale of realty shall be made after notice published once a week for at least four weeks prior to the sale in a newspaper regularly issued and of general circulation in the county, state, or judicial district wherein the realty is situated.

Here, the property, which is located in Brevard County, was sold at the Brevard County Courthouse, as required by § 2001(a). Doc. No. 27. The sale was also noticed in a newspaper published in Brevard County for the period required by § 2002. Accordingly, in determining whether to vacate the sale, the Court should assess whether there are other "terms and conditions as the court directs," and whether the sale was conducted in compliance with the same. *See* 28 U.S.C. § 2001(a).

Pertinent here, the final default judgment contains two distinct notice requirements. Paragraph 9 restates the requirements of § 2002. Doc. No. 25 ¶ 9. As indicated above, the U.S. Marshal conducted the foreclosure sale in conformance with that mandate. However, Paragraph 8 of the final default judgment sets forth an additional notice requirement. Specifically, that paragraph provides that the United States Marshal was required to "promptly notify" John A. Anthony, Allison C. Doucette, Thomas Dreher, and Associated Credit and Collection Bureau, Inc. of the date and time of sale. *Id.* ¶ 8. While the paragraph does not specify the manner in which notice must be provided, it does include the mailing addresses for each individual or entity.

At the hearing on the instant motion, Plaintiff failed to establish that the U.S. Marshal provided the notice required by Paragraph 8 of the final default judgment.[2] In apparent

---

[2] A representative from the U.S. Marshal's office testified that his office usually forwards the publication notice to Plaintiff's counsel. Even assuming that such notice were sufficient to meet Paragraph 8's requirements with respect to Attorneys Anthony and Doucette, it would not account for the notice that was required for Thomas Dreher and Associated Credit and Collection Bureau, Inc. Indeed, the

acknowledgement that such notice was not provided, Plaintiff contends instead that the judicial sale should be confirmed because it "substantially complied" with the final default judgment when the U.S. Marshal satisfied the publication-notice requirements of § 2001. Plaintiff also asserts that a lack of prejudice is evidenced by the fact that Plaintiff has served Defendants with its various filings in this case, including the instant motion, and Defendants have not objected to confirmation of the sale.

Plaintiff is correct that it has provided the publication-notice requirements required by § 2001(a), which other courts have deemed to be adequate notice of a public sale. *See, e.g.*, *Madura*, 2016 U.S. Dist. LEXIS 46540, at *8. Moreover, the setting of additional notice requirements is a matter left to the Court's discretion,[3] *see United States v. O'Callaghan*, No. 8:09-cv-384-T-23-TGW, 2011 U.S. Dist. LEXIS 68953, at *4 (M.D. Fla. June 27, 2011), and as Plaintiff correctly notes, Defendants have made no objection to the sale. Accordingly, while I have some concern that the Defendants were not notified personally of the impending foreclosure sale, if the Court determines that they were given adequate notice of the sale by publication and by service of the motion to confirm the sale, it has the discretion to waive the failure to comply with the personal notice requirements of the final default judgment.[4]

Accordingly, I recommend that the Court approve the foreclosure sale if it determines that the failure to strictly comply with Paragraph 8 of the final default judgment should be excused. If

---

representative testified that he did not know if such notice was provided.

[3] The cases cited by Plaintiff at the hearing do not specifically address the instant situation, in which the Court has set such additional requirements.

[4] During the hearing, I advised counsel for Plaintiff that, going forward, they should provide specific instructions for personal notice, and other requirements of a foreclosure sale judgment, in the USM 285 form.

the Court determines that the noncompliance should not be excused, I recommend that the foreclosure sale not be confirmed.

## III. RECOMMENDATION.

In light of the foregoing, I respectfully recommend that, if the Court determines that noncompliance with Paragraph 8 of the default judgment should be excused, the Court grant the instant motion, approve Plaintiff's assignment of the credit bid to Land Holding, LLC, and confirm the foreclosure sale. If the Court determines that noncompliance with Paragraph 8 of the default judgment should not be excused, I recommend that the Court deny the instant motion and require that another foreclosure sale be conducted after providing personal notice of the new sale as directed in the final default judgment.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 17, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE